UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
WEST BEND MUTUAL INSURANCE COMPANY,
Plaintiff

   -against-

CIS DIVISION, LLC
Defendant.
----------------------------------------------------------------- X

19-cv-60 (ARR) (RER)

<u>NOT FOR PRINT OR ELECTRONIC PUBLICATION</u>

<u>OPINION & ORDER</u>

ROSS, United States District Judge:

Plaintiff West Bend Mutual Insurance Company ("West Bend") brings this action against CIS Division, LLC. ("CIS"). West Bend seeks a declaratory judgment stating that it has no duty to defend or indemnify CIS in connection with an underlying lawsuit currently pending in state court. West Bend further seeks to be reimbursed for all legal fees incurred in that suit. West Bend filed a motion for summary judgment, to which CIS was unresponsive. On December 4, 2019, I noted the default of CIS on the record because CIS was no longer represented, and a corporation is not permitted to appear in a lawsuit before this court without licensed counsel. At the request of West Bend, by letter dated December, 12, 2019, *see* Pl.'s Letter, ECF No. 26, I now vacate that order in the interests of justice pursuant to Federal Rules of Civil Procedure 55(c). I grant summary judgment to West Bend on all claims.

## BACKGROUND

On or about June 7, 2017 West Bend issued a Commercial General Liability Policy to CIS for the period of July 20, 2017 to July 20, 2018. ("The Policy"). *See* Pl.'s Rule 56.1 Statement ¶ 4, ECF No. 23-12 ("Pl.'s R. 56.1"). The policy provides coverage for "bodily

1

injury" and "property damage" liability caused by an "occurrence," subject to various exclusions. *Id.* ¶¶ 14–16. Acts that are "expected or intended" are excluded from the insuring agreement. *Id.* ¶ 27. There is also a general exclusion of "restaurants or taverns when open to the public." *Id.* ¶ 34.

Shawn Butko filed a lawsuit against defendants Chipotle Mexican Grill, Inc., Anthony Medley, CIS, and Signal 88. ("the Underlying Lawsuit"). *Id.* ¶ 5. Mr. Butko, parent and natural guardian of his minor son, S.B., alleges that on October 13, 2017, Mr. Medley attacked S.B. at a Brooklyn Chipotle restaurant. *Id.* ¶ 6. Mr. Medley was employed by Signal 88, which had been retained by CIS to provide security guard services at the restaurant. *Id.* Chipotle filed a Third-Party Complaint against CIS seeking full indemnification or contribution for any judgment Mr. Butko may recover against Chipotle in connection with this case. *Id.* ¶ 8.

"West Bend was first notified of the incident [involving Mr. Butko and Mr. Medley] on February 20, 2018, by counsel for Chipotle, which tendered its defense and indemnification to West Bend." *Id.* ¶ 39. West Bend replied by letter dated March 20, 2018, disclaiming coverage and any duty to defend because the Policy did not cover this incident. *Id.* West Bend sent a copy of the denial letter to CIS. *Id.* Upon receipt of the Third-Party Complaint by Chipotle against CIS, CIS sent a letter to West Bend requesting coverage. *Id.* ¶ 41. On August 6, 2018, West Bend responded, stating that coverage for the incident was disclaimed as not covered by the policy, but that a defense would be provided under a reservation of its right to withdraw its defense if a court determined that West Bend did not have a duty to defend CIS. *Id.* ¶ 42. West Bend explicitly reserved the right to assert a lack of coverage defense or policy

2

defenses, the "right to reimbursement for defense fees incurred in defending CIS, and the right to reimbursement of any payments to third parties." *Id.*

On January 3, 2019, West Bend filed its complaint in this case, seeking a declaratory judgment against CIS. *See* Compl. 14, ECF No. 1. One June 14, 2019, West Bend filed a pre-motion letter stating its intention to file a motion for summary judgment. *See* Pl.'s Letter Requesting Pre-Mot. Conf., ECF No. 15. CIS responded by stating that it "has no objection to the relief sought by plaintiff insofar as same relates to an Order declaring that plaintiff has no obligation to represent defendant in the underlying lawsuit." Def.'s Letter. Resp. to Req. for Pre-Mot. Conf. 2, ECF No. 17 ("Def.'s Pre-Mot. Ltr."). This concession by CIS resolved the core issue in West Bend's complaint.

On July 17, 2019, counsel for West Bend sent a proposed Stipulation and Order of Settlement to counsel for CIS. Pl.'s R. 56.1 ¶ 47. Counsel for CIS responded by email, indicating agreement with the majority of the stipulation but demanding the removal of a clause stating that CIS would reimburse West Bend all attorneys' fees, costs, and disbursements incurred by West Bend in the defense of CIS in the underlying lawsuit. *Id.* ¶ 48.

On September 6, 2019, I set a briefing schedule for plaintiff's motion for summary judgment on the sole remaining issue of West Bend's entitlement to attorneys' fees, costs, and disbursements. West Bend served its motion in accordance with that schedule. *See* Mot. for Summ. J., ECF No. 23. CIS's only response was a brief letter by counsel stating that CIS had directed his office to stop working on the case. *See* Def.'s Resp. to Mot. for Summ. J., ECF No. 24. Because CIS was no longer represented by counsel in this case, I instructed CIS to retain an attorney as a corporation must be represented by counsel. Although CIS was given

3

time to retain counsel, it failed to do so. I then noted a default against CIS on the record. *See* Entry of Default, Dec. 4, 2019.

On December 12, 2019, West Bend filed a letter requesting that I decide on the merits of its motion for summary judgment. I agree with West Bend that it is in the interests of justice that I decide on the merits of the fully briefed and unopposed motion. CIS was represented by counsel at the time West Bend filed the motion, and moreover, counsel previously indicated that CIS assented to the majority of the relief requested. Thus, I vacate the entry of default under Federal Rule of Civil Procedure 55(c), and proceed to consider West Bend's motion on the merits. *See* Fed. R. Civ. P. 55(c) (providing for setting aside of entry of default for good cause).

## DISCUSSION

In deciding an unopposed motion for summary judgement, "the district court must still assess whether the moving party has fulfilled its burden of demonstrating that there is no genuine issue of material fact and its entitlement to judgment as a matter of law." *Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004). I find that West Bend has met that burden here.

### I.     Duty to Defend and/or Indemnify

Upon review of the policy, it is clear that the underlying lawsuit is not covered because it involves an "expected or intended" act and because it occurred at a "restaurant . . . when open to the public," which are both expressly excluded from coverage under the policy. *See* Pl.'s Mem. of Law in Supp. of Mot. for Summ. J. 15–17, ECF No. 23-11 ("Pl.'s Br."). In fact, the parties agree that West Bend has no duty to defend or indemnify CIS in the underlying

4

lawsuit. *See* Def.'s Pre-Mot. Ltr. 2; *see also* Stipulation and Order of Settlement ¶¶ 1–2, Pantelopoulos Decl. Ex. 6, ECF No. 23-9; Gold Email, Pantelopoulos Decl. Ex. 7, ECF No. 23-10. Thus, I grant summary judgment to plaintiff on the requested declaratory judgment.

II.   **Attorneys' Fees**

The parties were not able to agree on whether CIS must reimburse West Bend for attorneys' fees in the underlying lawsuit. I grant summary judgment for West Bend on this issue.

There are two jurisdictions "potentially implicated in this action: (1) New York, where coverage is being requested and the underlying lawsuit is pending, and (2) Ohio, the principal place of the insured risk and where CIS is incorporated and does business." Pl.'s Br. 2. This could raise a choice of law question as to which law to apply to the question of whether West Bend is entitled to attorneys' fees. Neither the New York Court of Appeals nor the Ohio Supreme Court have decided the precise question before the court, but case law in both states supports the grant of attorneys' fees where the insurer timely and explicitly reserved its right to reimbursement for attorneys' fees and provided specific and adequate notice of the possibility of reimbursement. *See, e.g.*, *United Nat'l Ins. Co. v. SST Fitness Corp.*, 309 F.3d 914, 919, 921 (6th Cir. 2002); *United Specialty Ins. Co. v. Premier Contracting of N.Y., Inc.*, 375 F. Supp. 3d 389, 401 (S.D.N.Y. 2019); *Max Specialty Ins. Co. v. WSG Inv'rs, LLC*, No. 09–CV–5237 (CBA)(JMA), 2012 WL 3150579, at *8 (E.D.N.Y. Apr. 20, 2012), *report and recommendation adopted by* 2012 WL 3150577 (E.D.N.Y. Aug. 2, 2012); *Chiquita Brands Int'l, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh PA*, 57 N.E.3d 97, 104 (Ohio Ct. App. 2015). Thus, I need not decide

the choice of law question, as there is no actual conflict. *See Fed. Ins. Co. v. Am. Home Assurance Co.*, 639 F.3d 557, 566 (2d Cir. 2011).

West Bend has submitted evidence showing that it timely notified CIS that liability was disclaimed in the Underlying Lawsuit, but that West Bend would provide a defense under a reservation of its right to withdraw its defense and seek reimbursement for legal fees if a court of law ultimately determined that it had no duty to defend. Pl.'s R. 56.1 ¶ 42. Under these circumstances, West Bend is entitled to reimbursement for attorneys' fees.

## CONCLUSION

For the above stated reasons, I vacate my entry of default and enter summary judgment on the merits for the plaintiff on all claims.

West Bend has no duty to defend CIS for claims asserted in the underlying lawsuit. West Bend also has no duty to indemnify CIS in the Underlying Lawsuit. West Bend shall withdraw from any further defense in the Underlying Lawsuit. CIS shall reimburse West Bend for all legal fees, costs and disbursements incurred in the defense of CIS in the Underlying Lawsuit. West Bend shall provide Magistrate Judge Ramon Reyes with an accounting of all legal fees, costs, and disbursements incurred to date by sworn declaration within 30 days of this order. Final resolution of the amount of legal fees owed is respectfully referred for decision by Judge Reyes.

SO ORDERED.

Date: December 23, 2019 \_\_\_/s/_____
      Brooklyn, New York                                       Allyne R. Ross